# EXHIBIT A

Electronically Filed
1/7/2021 11:47 AM
Steven D. Grierson
CLERK OF THE COURT

COMP
PETER M. ANGULO, ESQ.
ANGULO LAW GROUP, LLC
Nevada Bar No. 003672
5545 S. Mountain Vista Street, Suite F
Las Vegas, NV 89120
(702) 384-8000 office
(702) 384-8200 fax
*Attorney for Plaintiff*

CASE NO: A-21-827510-C
Department 14

## DISTRICT COURT

## CLARK COUNTY, NEVADA

FIDELE NTIHABOSE, an individual;

    Plaintiff,

vs.

HOLIDAY MOTOR COACH, LLC, a Foreign Limited Liability Company; DOE I DRIVER; DOES II -X; and ROE Corporations I-X, Inclusive,

    Defendants.

Case No.:
Dept No.:

**COMPLAINT**

COMES NOW, FIDELE NTIHABOSE ("*Plaintiff*"), by and through his counsel of record, PETER M. ANGULO, ESQ., and for his Complaint against Defendant, alleges as follows:

**COMMON ALLEGATIONS**

1. That at all times material and pertinent hereto, Plaintiff, FIDELE NTIHABOSE ("FIDELE"), was and remains a resident of Clark County, Nevada.

2. That at all time material and pertinent hereto, Defendant HOLIDAY MOTOR COACH, LLC., ("HMC") was a Idaho Foreign Limited Liability Company duly licensed and authorized to transact and carry out business in Clark County, Nevada.

-1-

3. Plaintiff FIDELE alleges and believes that at all times material and pertinent hereto, Defendant, DOE I / DRIVER ("DOE DRIVER"), was an employee of Defendant HMC and was in the course and scope of his employment at the time of the subject accident in Clark County, Nevada.

4. That the true names and capacities of the Defendants designated herein as DOE or ROE Defendants are presently unknown to Plaintiff; therefore, Plaintiff sues said Defendants by such fictitious names, and when their true names and capacities are ascertained, Plaintiff will seek leave to amend her Complaint to insert same herein; that Plaintiff believes and alleges that the Doe and Roe Defendants are in some manner liable to Plaintiff for his injuries complained of herein.

## FIRST CAUSE OF ACTION
### (Negligence)

5. Plaintiff re-alleges and incorporates by reference each and every allegation contained in paragraphs 1 through 4 as though fully set forth herein. Plaintiff further alleges:

6. That on or about January 9, 2019, Plaintiff was stopped for the red traffic light on Paradise Road at or near the intersection with Twain and Sierra Heights.

7. That Defendant DOE was traveling directly behind Plaintiff's vehicle and carelessly and recklessly rear-ended his vehicle and fled the accident scene.

8. That Plaintiff FIDELE attempted to flag down Defendant DOE DRIVER but the driver failed to stop and continued to flee the accident scene; That Plaintiff was able to take a photograph of the motor coach, owned and operated by Defendant HMC bearing Idaho license plate number: BG 2898".

9. That the collision caused moderate damage to Plaintiff's vehicle and bodily injuries to his person.

10. That Defendants owed a duty of care to Plaintiff, as well as other motorists, to drive with due care and not rear-end vehicles stopped in front of him and then flee from the accident scene.

11. That Defendant breached that duty when Defendant DOE DRIVER struck the rear of Plaintiff's vehicle.

12. That Defendant's negligence was the sole direct and proximate cause of the accident, injuries and damages sustained by Plaintiff FIDELE.

13. That as a result of Defendant's negligence and breach of duty, Plaintiff FIDELE sustained permanent and disabling injuries, pain and suffering and medical expenses all to a sum in excess of $15,000 dollars.

14. That the force of impact from said rear-end collision caused Plaintiff's vehicle to be declared a total loss resulting in rental car expenses and loss of use.

15. That Plaintiff FIDELE is entitled to a judgment in his favor for Defendant's negligence in an amount in excess of $15,000.

16. That Plaintiff has been required to retain the services of an attorney for the prosecution of this matter, and therefore, is entitled to his reasonable attorney's fees, costs and pre-judgment interest.

**SECOND CAUSE OF ACTION**

*(Negligent Entrustment Against Defendant HMC)*

17. Plaintiff re-alleges and incorporates by reference each and every allegation contained in paragraphs 1 through 16 as though fully set forth herein. Plaintiff further alleges:

18. That Defendant HMC entrusted its vehicle to Defendant DOE I DRIVER, a negligent driver, on or before the accident of January 9, 2019.

19. That Defendant HMC knew, or should have known, that Defendant DOE I DRIVER was a negligent operator of the HMC Coach Bus and could cause harm to other motorists and/or pedestrians, such as Plaintiff; that Defendant HMC had a duty not to entrust its motor coach bus to negligent drivers; that Defendant HMC breached that duty when it entrusted a motor coach bus to Defendant DOE I DRIVER, a negligent driver; that Defendant HMC's negligence in entrusting the motor coach bus to negligent Defendant DOE I DRIVER was the sole direct and proximate cause of the accident and Plaintiff's injuries.

20. That as a direct and proximate result of Defendant HMC'S negligent entrustment of the MOTOR COACH BUS to Defendant DOE I DRIVER Plaintiff suffered permanent injuries, pain and suffering, physical inconvenience and discomfort, loss of time, mental anguish, medical expenses, and loss of enjoyment of life; that Plaintiff's injuries are permanent and continuing and he will suffer damages in the future in an amount in excess of $15,000.

21. That Plaintiff has been required to retain the services of an attorney for the prosecution of this matter, and therefore, is entitled to his reasonable attorney's fees and costs.

### THIRD CAUSE OF ACTION

***(Negligent Hiring, Retention, And Supervision)***

22. Plaintiff re-alleges and incorporates by reference each and every allegation contained in paragraphs 1 through 21 as though fully set forth herein. Plaintiff further alleges:

23. That at all times material and pertinent hereto, Defendant DOE I DRIVER was an employee of Defendant HMC.

24. That Defendant HMC directly, or through its agents, negligently hired, retained and/or supervised Defendant DOE I DRIVER, a negligent driver.

25. That Defendant HMC had a duty not to negligently hire, retain, or supervise negligent drivers; that Defendant HMC breached that duty when it negligently hired, retained

and supervised Defendant DOE I DRIVER, a negligent driver; that HMCs negligence in hiring, retaining, and supervising Defendant DOE I DRIVER was the sole direct and proximate cause of the accident and Plaintiff's injuries.

26. That as a direct and proximate cause of Defendant HMC'S negligent hiring, training and supervision of Defendant DOE I DRIVER, Plaintiff suffered permanent injuries, pain and suffering, physical inconvenience and discomfort, loss of time, mental anguish, medical expenses, and loss of enjoyment of life; that Plaintiff's injuries are permanent and continuing and he will suffer damages in the future in an amount in excess of $15,000.

## FOURTH CAUSE OF ACTION

### (Negligent Training)

27. Plaintiff re-alleges and incorporates by reference each and every allegation contained in paragraphs 1-26 as though fully set forth herein. Plaintiff further alleges:

28. That Defendant HMC had a duty to properly train its employees, including MOTOR COACH drivers, with proper instructions on how to operate motor coach-buses, as well as policy and procedures after an accident occurs; that HMC breached this duty when it failed to train Defendant DOE I DRIVER properly, resulting in the subject accident and in Defendant DOE I DRIVER leaving the scene of the accident; that HMC's negligent training of Defendant DOE I DRIVER was the sole direct and proximate cause of the accident and Plaintiff's injuries.

29. That as a direct and proximate result of Defendant HMC'S negligent training of Defendant DOE I DRIVER, Plaintiff suffered permanent injuries, pain and suffering, physical inconvenience and discomfort, loss of time, mental anguish, medical expenses, and loss of enjoyment of life; that Plaintiff's injuries are permanent and continuing and he will suffer damages in the future in an amount in excess of $15,000.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment in his favor and against Defendants on his causes of action as follows:

1. For compensatory damages;

2. For the entire cost of related past and required future medical treatment in an amount to be proven in court;

3. For reasonable attorney's fees and costs of suit;

4. For pre-judgment interest at the legal rate;

5. For pain and suffering and future pain and suffering; and

6. For such other and additional relief as the court may deem just and proper.

DATED this 7 day of January, 2021.

ANGULO LAW GROUP, LLC

By /s/ Peter M. Angulo
PETER M. ANGULO, ESQ.
Nevada Bar No. 003672
5545 S. Mountain Vista Street, Suite F
Las Vegas, Nevada 89120
Attorneys for Plaintiff

Electronically Filed
2/26/2021 10:23 AM
Steven D. Grierson
CLERK OF THE COURT

**COMP**
ANGULO LAW GROUP, LLC.
PETER M. ANGULO, ESQ.
Nevada Bar No. 3672
5545 S. Mountain Vista Street, Suite F
Las Vegas, NV 89120
(702) 384-8000 office
(702) 384-8200 fax
pangulo@angulolawgroup.com
*Attorney for Plaintiff*

DISTRICT COURT

CLARK COUNTY, NEVADA

| | |
|---|---|
| FIDELE NTIHABOSE, an individual;<br><br>Plaintiff,<br><br>vs.<br><br>HOLIDAY MOTOR COACH, LLC, a Foreign Limited Liability Company; STEVE SOMMERS; DOES II -X; and ROE Corporations I-X, Inclusive,<br><br>Defendants. | Case No.: A-21-827510-C<br>Dept No.: 14<br><br><br><br>**AMENDED COMPLAINT** |

COMES NOW, FIDELE NTIHABOSE ("*Plaintiff*"), by and through his counsel of record, PETER M. ANGULO, ESQ., and for his Amended Complaint against Defendant, alleges as follows:

**COMMON ALLEGATIONS**

1. That at all times material and pertinent hereto, Plaintiff, FIDELE NTIHABOSE ("FIDELE"), was and remains a resident of Clark County, Nevada.

2. That at all time material and pertinent hereto, Defendant HOLIDAY MOTOR COACH, LLC., ("HMC") was a Idaho Foreign Limited Liability Company duly licensed and authorized to transact and carry out business in Clark County, Nevada.

3.	Plaintiff FIDELE alleges and believes that at all times material and pertinent hereto, Defendant, STEVE SOMMERS, was an employee of Defendant HMC and was in the course and scope of his employment at the time of the subject accident in Clark County, Nevada.

4.	That the true names and capacities of the Defendants designated herein as DOE or ROE Defendants are presently unknown to Plaintiff; therefore, Plaintiff sues said Defendants by such fictitious names, and when their true names and capacities are ascertained, Plaintiff will seek leave to amend her Complaint to insert same herein; that Plaintiff believes and alleges that the Doe and Roe Defendants are in some manner liable to Plaintiff for his injuries complained of herein.

**FIRST CAUSE OF ACTION**
*(Negligence)*

5.	Plaintiff re-alleges and incorporates by reference each and every allegation contained in paragraphs 1 through 4 as though fully set forth herein. Plaintiff further alleges:

6.	That on or about January 9, 2019, Plaintiff was stopped for the red traffic light on Paradise Road at or near the intersection with Twain and Sierra Heights.

7.	That Defendant SOMMERS was traveling directly behind Plaintiff's vehicle and carelessly and recklessly rear-ended his vehicle and fled the accident scene.

8.	That Plaintiff FIDELE attempted to flag down Defendant STEVE SOMMERS but the driver failed to stop and continued to flee the accident scene; That Plaintiff was able to take a photograph of the motor coach, owned and operated by Defendant HMC bearing Idaho license plate number: BG 2898".

9.	That the collision caused moderate damage to Plaintiff's vehicle and bodily injuries to his person.

10.     That Defendants owed a duty of care to Plaintiff, as well as other motorists, to drive with due care and not rear-end vehicles stopped in front of him and then flee from the accident scene.

11.     That Defendant breached that duty when Defendant STEVE SOMMERS struck the rear of Plaintiff's vehicle.

12.     That Defendant's negligence was the sole direct and proximate cause of the accident, injuries and damages sustained by Plaintiff FIDELE.

13.     That as a result of Defendant's negligence and breach of duty, Plaintiff FIDELE sustained permanent and disabling injuries, pain and suffering and medical expenses all to a sum in excess of $15,000 dollars.

14.     That the force of impact from said rear-end collision caused Plaintiff's vehicle to be declared a total loss resulting in rental car expenses and loss of use.

15.     That Plaintiff FIDELE is entitled to a judgment in his favor for Defendant's negligence in an amount in excess of $15,000.

16.     That Plaintiff has been required to retain the services of an attorney for the prosecution of this matter, and therefore, is entitled to his reasonable attorney's fees, costs and pre-judgment interest.

**SECOND CAUSE OF ACTION**

(*Negligent Entrustment Against Defendant HMC*)

17.     Plaintiff re-alleges and incorporates by reference each and every allegation contained in paragraphs 1 through 16 as though fully set forth herein.  Plaintiff further alleges:

18.     That Defendant HMC entrusted its vehicle to Defendant STEVE SOMMERS, a negligent driver, on or before the accident of January 9, 2019.

19. That Defendant HMC knew, or should have known, that Defendant STEVE SOMMERS was a negligent operator of the HMC Coach Bus and could cause harm to other motorists and/or pedestrians, such as Plaintiff; that Defendant HMC had a duty not to entrust its motor coach bus to negligent drivers; that Defendant HMC breached that duty when it entrusted a motor coach bus to Defendant STEVE SOMMERS, a negligent driver; that Defendant HMC's negligence in entrusting the motor coach bus to negligent Defendant STEVE SOMMERS was the sole direct and proximate cause of the accident and Plaintiff's injuries.

20. That as a direct and proximate result of Defendant HMC'S negligent entrustment of the MOTOR COACH BUS to Defendant STEVE SOMMERS Plaintiff suffered permanent injuries, pain and suffering, physical inconvenience and discomfort, loss of time, mental anguish, medical expenses, and loss of enjoyment of life; that Plaintiff's injuries are permanent and continuing and he will suffer damages in the future in an amount in excess of $15,000.

21. That Plaintiff has been required to retain the services of an attorney for the prosecution of this matter, and therefore, is entitled to his reasonable attorney's fees and costs.

### THIRD CAUSE OF ACTION

*(Negligent Hiring, Retention, And Supervision)*

22. Plaintiff re-alleges and incorporates by reference each and every allegation contained in paragraphs 1 through 21 as though fully set forth herein. Plaintiff further alleges:

23. That at all times material and pertinent hereto, Defendant STEVE SOMMERS was an employee of Defendant HMC.

24. That Defendant HMC directly, or through its agents, negligently hired, retained and/or supervised Defendant STEVE SOMMERS, a negligent driver.

25.   That Defendant HMC had a duty not to negligently hire, retain, or supervise negligent drivers; that Defendant HMC breached that duty when it negligently hired, retained and supervised Defendant STEVE SOMMERS, a negligent driver; that HMCs negligence in hiring, retaining, and supervising Defendant STEVE SOMMERS was the sole direct and proximate cause of the accident and Plaintiff's injuries.

26.   That as a direct and proximate cause of Defendant HMC'S negligent hiring, training and supervision of Defendant STEVE SOMMERS, Plaintiff suffered permanent injuries, pain and suffering, physical inconvenience and discomfort, loss of time, mental anguish, medical expenses, and loss of enjoyment of life; that Plaintiff's injuries are permanent and continuing and he will suffer damages in the future in an amount in excess of $15,000.

## FOURTH CAUSE OF ACTION

### (Negligent Training)

27.   Plaintiff re-alleges and incorporates by reference each and every allegation contained in paragraphs 1-26 as though fully set forth herein. Plaintiff further alleges:

28.   That Defendant HMC had a duty to properly train its employees, including MOTOR COACH drivers, with proper instructions on how to operate motor coach-buses, as well as policy and procedures after an accident occurs; that HMC breached this duty when it failed to train Defendant STEVE SOMMERS properly, resulting in the subject accident and in Defendant STEVE SOMMERS leaving the scene of the accident; that HMC's negligent training of Defendant STEVE SOMMERS was the sole direct and proximate cause of the accident and Plaintiff's injuries.

29.   That as a direct and proximate result of Defendant HMC'S negligent training of Defendant STEVE SOMMERS, Plaintiff suffered permanent injuries, pain and suffering, physical inconvenience and discomfort, loss of time, mental anguish, medical expenses, and

loss of enjoyment of life; that Plaintiff's injuries are permanent and continuing and he will suffer damages in the future in an amount in excess of $15,000.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment in his favor and against Defendants on his causes of action as follows:

1.  For compensatory damages;
2.  For the entire cost of related past and required future medical treatment in an amount to be proven in court;
3.  For reasonable attorney's fees and costs of suit;
4.  For pre-judgment interest at the legal rate;
5.  For pain and suffering and future pain and suffering; and
6.  For such other and additional relief as the court may deem just and proper.

DATED this 25 day of February, 2021.

ANGULO LAW GROUP, LLC

By: /s/ Peter M. Angulo
PETER M. ANGULO, ESQ.
Nevada Bar No. 3672
5545 S. Mountain Vista Street, Suite F
Las Vegas, Nevada 89120
Attorneys for Plaintiff

Electronically Filed
3/31/2021 1:07 PM
Steven D. Grierson
CLERK OF THE COURT

PSER
ANGULO LAW FIRM
5545 MOUNTAIN VISTA ST STE F
LAS VEGAS, NV 89120
(702) 384-8000

**DISTRICT COURT**
**CLARK COUNTY, NEVADA**

FIDELE NTIHABOSE
   Plaintiff

vs

HOLIDAY MOTOR COACH, LLC
   Defendant

Case Number: A-21-827510-C

Dept:

**AFFIDAVIT OF SERVICE**

TAMY HOLJESON, deposes and says: that at all times herein I am a citizen of the United States, over 18 years of age and not a party to nor interested in the proceeding in which this statement is made.

Affiant received a copy of the:
**SUMMONS; COMPLAINT**

I served the same on **03/19/2021** at **3:22 PM** to:

**Defendant HOLIDAY MOTOR COACH, LLC, A FOREIGN LIMITED LIABILITY COMPANY, BY SERVING BRIAN P. LOTT, MANAGER**

by leaving the copies with or in the presence of **BRIAN P. LOTT** at **1095 E. IONA RD., IDAHO FALLS, ID 83401**.

Service was made outside the state of Nevada not subject to NRS 14.025.

Subscribed and Sworn to Before Me on This
Wednesday, March 24, 2021 by the Affiant.

_____
Notary Public

TAMY HOLJESON
Mower Services
P.O. Box 2041
Pocatello, ID 83206
208-251-9411

P-1938592.01 Client File # 1604

Case Number: A-21-827510-C